UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————————X

ANTHONY AYLER,

               Plaintiff,

   -against-                                       **MEMORANDUM & ORDER**
                                                               **04-CV-4434 (NGG)(LB)**

OFFICER JOE SANABRIA and
CAPTAIN JOSEPH RUSSO,

               Defendants.
————————————————————————X

GARAUFIS, United States District Judge:

      Plaintiff Anthony Ayler, an inmate in the Cape Vincent Correctional Facility in Cape Vincent, New York, alleges that he was assaulted by Defendant Officer Sanabria on Rikers Island in 2004 while Defendant Captain Russo watched. Ayler claims that the assault damaged his left eye and that he is entitled to damages of $58 million.

      In January 2006, The Honorable Lois Bloom, United States Magistrate Judge, ordered Ayler to respond to Defendants' outstanding discovery requests by February 28, 2006. (See Order dated Jan. 27, 2006.) Although Ayler failed to comply with that Order, and instead produced a lengthy, unresponsive letter, Judge Bloom gave him another chance to respond to Defendants' outstanding discovery requests, this time imposing a deadline of April 10, 2006. (See Order dated March 10, 2006.)

      When Ayler failed to meet this deadline, Defendants moved Judge Bloom to dismiss Ayler's Complaint pursuant to Fed. R. Civ. P. 37(b)(2)(C). (See Defs.' Ltr. to Judge Bloom

dated April 13, 2006.) Judge Bloom declined to dismiss Ayler's Complaint, but ordered that Ayler was "precluded from using any documents in support of his claim that he has not produced to Defendants as of" June 9, 2006. (Order dated June 9, 2006 at 4.)

Ayler filed an objection, pursuant to 28 U.S.C. § 636(b), to the Order dated June 9, 2006. That objection is overruled.

The relevant portion of Section 636(b) provides that "[a] judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Judge Bloom's Order was not "clearly erroneous or contrary to law." In fact, it was entirely correct and consistent with the law. The Federal Rules of Civil Procedure provide that–

> If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . . An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.

Fed. R. Civ. P. 37(b)(2)(B).

Judge Bloom's Order dated June 9, 2006 properly "prohibit[ed] [Ayler] from introducing designated matters in evidence" after Ayler failed to comply with court orders to produce documents regarding those matters. In addition, the Order was "just" within the meaning of Rule 37, and could have been far harsher without exceeding the bounds of Rule 37. See, e.g., Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849 (2d Cir. 1995) (affirming a decision to grant default

judgment based on a party's failure to produce documents). Ayler's objection to that Order is therefore OVERRULED.

SO ORDERED.

Dated: March 6, 2007
     Brooklyn, N.Y.

   /s/ Nicholas G. Garaufis   
NICHOLAS G. GARAUFIS
United States District Judge